**ALD-153**                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3295
_____

IN RE: FREDERICK H. BANKS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 4, 2019

Before: MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: May 2, 2019)
_____

OPINION*
_____

PER CURIAM

       Frederick Banks is currently awaiting trial in the United States District Court for

the Western District of Pennsylvania on charges of interstate stalking, 18 U.S.C.

§ 2261(a)(2), aggravated identity theft, § 1028A(a)(1), making false statements,

§ 1001(a)(3), and wire fraud, § 1343.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On October 8, 2018, Banks filed a petition for a writ of mandamus in this Court. First, Banks asks us to remove the FBI and United States Attorney's Office from his case due to an alleged conflict of interest arising from his role in having "the FBI and US Department of Justice [] placed under a Congressional Investigation." Second, Banks asks us to direct the District Judge to rule on his pending motion for release on bond pending trial. He also moves to recuse the District Judge on the ground that he has failed to schedule a hearing on that motion in a timely manner.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We will deny in part and dismiss in part Banks's petition. With respect to his request to remove the FBI and United States Attorney's Office from his case, Banks already requested this relief from the District Court, which denied the request, (Order, ECF No. 636), and mandamus may not be used as a substitute for an appeal. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005). As for Banks's concern that the District Judge has delayed in ruling on his motions for release on bond, the docket report reflects that the District Court disposed of these motions by order entered March 27, 2019. (Order, ECF No. 876.) Thus, to the extent that Banks asks us to provide relief that he has already obtained, we will dismiss the petition as moot, see Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). We will also

deny his related request for recusal. Banks has not otherwise demonstrated that he has a

clear and indisputable right to issuance of the writ.[1]

      Accordingly, we will dismiss in part and deny in part the mandamus petition.

---

[1] Banks also asserts that the District Court "lacks subject matter jurisdiction" over his criminal case, and asks us to direct the District Court to determine whether it has jurisdiction. Banks has not provided sufficient factual support or legal argument for us to address this request.